UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Tampa Division)

**CASE NO.: 8:23-cv-1650**

JACOB MICHAEL DIAL, Individually,
and JESUS PENA, individually,

      Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY,

      Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiffs, JACOB MICHAEL DIAL, Individually, and JESUS PENA, Individually, by and through the undersigned attorney, sue the Defendant, GEICO GENERAL INSURANCE COMPANY, (hereinafter "GEICO"), and allege:

**GENERAL ALLEGATIONS**

1. This is an action for damages exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), excluding costs, interest, and attorneys' fees.

2. At all times material hereto, Plaintiff, JACOB MICHAEL DIAL has been a citizen of the State of Florida; specifically, Hillsborough County, Florida.

1

3. At all times material hereto, Plaintiff, JESUS PENA, has been a citizen of the State of Florida, specifically, Pinellas County, Florida.

4. At all times material hereto, Defendant, GEICO, was and remains incorporated in the State of Maryland, with its principal place of business in Chevy Chase, Maryland. Therefore, GEICO is a citizen of the State of Maryland.

5. Venue is proper in this judicial district because the corporate defendant has sufficient contacts in said district, and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

6. Defendant, GEICO, issued a written insurance contract, policy number 6023955336 (hereinafter the "GEICO Policy"), in effect from May 26, 2020 through November 26, 2020, which provided Jaimey Grant with bodily injury liability coverage. At all times material hereto, Jaimey Grant, was a permissive user of a 2016 Honda owned by Kimberlee Pilcher that was covered under the GEICO policy and was an additional insured under the GEICO Policy. Defendant, GEICO, is in possession of a copy of the GEICO policy.

7. The GEICO Policy was intended to cover and indemnify Jaimey Grant (hereinafter, "Grant") for bodily injury and property damage liability arising out of the operation of the 2016 Honda, to the extent of the policy's bodily injury liability limits of $10,000.00 per person and $20,000.00 per occurrence.

8. At all times material herein, the above-referenced contract was in effect

and Grant was entitled to the coverages as set forth in the GEICO Policy.

9. JACOB MICHAEL DIAL is a beneficiary of the GEICO Policy pursuant to *Thompson v. Commercial Union Ins. Co. of New York*, 250 So. 2d 259 (Fla. 1971).

10. JESUS PENA is a beneficiary of the GEICO Policy pursuant to *Thompson v. Commercial Union Ins. Co. of New York*, 250 So. 2d 259 (Fla. 1971).

11. On or about September 9, 2020, while driving the covered 2016 Honda, Jaimey Grant negligently operated the Honda in Hillsborough County, Florida, by running a red light at high speed and violently colliding with a car operated by then 23-year old JACOB MICHAEL DIAL. Then 22-year old JESUS PENA was a passenger of the DIAL vehicle.

12. DIAL was catastrophically injured in the crash, and was transported by ambulance to Tampa General Hospital. As a result of the crash, his left leg was shattered, his intestines were ruptured, his femoral artery was mangled, and his internal organs were injured. Doctors were unable to save his left leg, which had to be amputated because of the crash. The injuries to his intestines required multiple surgeries that left DIAL permanently reliant on a colostomy bag.

13. PENA was also catastrophically injured in the crash, and was transported by ambulance to Tampa General Hospital. As a result of the crash, PENA fractured his femur, which required surgery and the insertion of hardware. Additionally, four of his ribs were pushed into his lungs causing them to collapse, which left PENA, an

asthma sufferer, bedridden for months.

14. The crash was caused solely by the negligence of the GEICO insured driver, Jaimey Grant.

15. Defendant, GEICO, was timely notified of the crash and DIAL's injury claim and at all material times hereto had sufficient information about DIAL's injury claim to compel a prompt, timely tender of the policy limits.

16. Defendant, GEICO, was timely notified of the crash and PENA's injury claim and at all material times hereto had sufficient information about PENA's injury claim to compel a prompt, timely tender of the policy limits.

17. At all material times hereto, Defendant, GEICO, knew or should have known that the injuries and damages suffered by DIAL presented a virtually certain risk of financial exposure in excess of Grant's policy limits, in that the value of the DIAL claim was clearly worth well in excess of the $10,000.00 bodily injury liability limits.

18. At all material times hereto, Defendant, GEICO, knew or should have known that the injuries and damages suffered by PENA presented a virtually certain risk of financial exposure in excess of Grant's policy limits, in that the value of the PENA claim was clearly worth well in excess of the $10,000.00 bodily injury liability limits.

19. On November 25, 2020, DIAL and PENA's attorney, Goldberg & Rosen, P.A., sent an insurance disclosure request for each claimant to Defendant,

GEICO, pursuant to section 627.4137, Florida Statutes. A copy of the November 25, 2020, letter is attached hereto as Exhibit "A".

20. On December 23, 2020, approximately 106 days after the crash, GEICO offered its policy limits globally to settle all bodily injury and derivative claims against Jaimey Grant and Kimberly Pilcher arising out of the September 29, 2020 crash. GEICO's counsel requested all parties attend a global mediation to apportion the limits of the GIECO policy.

21. On December 29, 2020, Mr. Dandashy requested from GEICO a statement of its insureds and a completed financial affidavit, to be completed prior to the January 18, 2021 mediation.

22. On or about January 6, 2021, or 120 days after the crash, GEICO tendered a $10,000.00 check to resolve DIAL's claim.

23. On or about January 14, 2021, DIAL instructed his counsel, Mr. Dandashy, to reject GEICO's tender as untimely, which Mr. Dandashy did by correspondence to GEICO dated January 14, 2021.

24. On or about January 14, 2021, PENA instructed his counsel, Mr. Dandashy, to reject GEICO's offer of a global settlement conference scheduled for January 18, 2021, as GEICO had acted in bad faith by failing to tender the available policy limits. On January 14, 2021, Mr. Dandashy informed GEICO that PENA would not be attending the global mediation because GEICO had acted in bad faith by failing to timely tender the policy limits.

25. Thereafter, DIAL and PENA, in their respective individual capacities, sued Grant for damages arising out of the September 29, 2020, automobile accident. Said lawsuit is more particularly described as *Jacob Dial & Jesus Pena v. Jaimey Grant & Kimberlee Pilcher,* case number 21-CA-000392, filed in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

26. On May 17, 2023, a Final Judgment was entered against Jaimey Montrell Grant and in favor of PENA, in the amount of $1,250,000.00 (attached hereto as Exhibit "B").

27. On May 17, 2023, a Final Judgment was entered against Jaimey Montrell Grant and in favor of DIAL, in the amount of $7,500,000.00 (attached hereto as Exhibit "C").

28. GEICO knew or should have known, within days of the accident, that either DIAL or PENA's claim, standing alone, presented virtually certain excess exposure to Grant. Accordingly, GEICO should have timely tendered the $10,000.00 per person bodily injury liability policy limits (or $20,000.00 combined per occurrence limits) to settle the DIAL and PENA claims each pursuant to Florida law regarding an insurer's good faith, fiduciary duties owed to its insured. *See Boston Old Colony v. Guiterrez*, 336 So. 2d 783 (Fla. 1980) (setting forth insurer's good faith duties); *see also Powell v. Prudential & Casualty Ins. Co.*, 584 So. 2d 12 (Fla. App. Ct. 1991) (where liability is clear, and injuries so serious that a judgment in excess of the policy limits is likely, an insurance company can be in bad faith for failing to tender its policy limits

even before a settlement demand from the plaintiff); *Snowden v. Lumbermens Mutual Casualty*, 358 F. Supp. 2d 1125 (N.D. Fla. 2003) (as the amount by which an anticipated claim exceeds policy limit increases, the amount of time before a prudent insurer would be expected to tender policy limits decreases).

29. At all material times, Plaintiffs fully cooperated with GEICO and have performed all conditions precedent to the bringing of this action.

## COUNT I

## JACOB DIAL'S INSURANCE BAD FAITH CLAIM AGAINST GEICO

30. Plaintiffs adopt and re-alleges paragraphs 1-29 above as if fully set forth herein.

31. GEICO, pursuant to the insurance contract and Florida law, owed good faith duties to Grant, including but not limited to the following:

   a. to use toward Grant the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business;

   b. to exercise such control in handling the claims against Grant and in making decisions with regard to both settlement and litigation in good faith and with due regard for the interests of Grant;

   c. to timely investigate the claim;

   d. to timely and properly evaluate the claims against Grant and the risk to Grant;

   e. to initiate settlement negotiations with DIAL, as liability against Grant was clear, and the damages suffered by DIAL were so serious that a judgment against Grant in excess of the policy limits was likely;

    f. to timely tender Grant's policy limits to settle the claim of DIAL;

    g. to timely advise Grant of settlement opportunities;

    h. to advise Grant as to the probable outcome of litigation;

    i. to warn Grant of the possibility of an excess judgment and to advise Grant of any steps that he may take to avoid same;

    j. to timely and properly evaluate the financial exposure to Grant presented by the DIAL claim;

    k. to settle, if at all possible, where a reasonable, prudent person, faced with the prospect of paying the total recovery, would do so;

    l. to settle the DIAL claim against Grant within Grant's policy limits when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly toward Grant and with due regard for his interests;

    m. to keep Grant informed of the claim resolution process and his exposure; and

    n. To do "everything possible to facilitate settlement negotiations." *Harvey v. Geico General Insurance Company*, 259 So. 3d 1, 9 (Fla. 2018)

32. The foregoing duties are fiduciary and non-delegable.

33. Defendant, GEICO, is liable for the acts and omissions of its agents, employees or representatives in the handling of the DIAL claim against Grant.

34. GEICO, through its agents, employees and representatives, breached its duties of good faith to Grant by, including but not limited to:

    a. Failing to use toward Grant the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business;

b. Failing to exercise such control in handling the claims against Grant and in making decisions with regard to both settlement and litigation in good faith and with due regard for the interests of Grant;

c. Failing to timely investigate the DIAL claim;

d. Failing to timely and properly evaluate the claims against Grant and the risk to Grant;

e. Failing to initiate settlement negotiations with DIAL, as liability against Grant was clear, and the damages suffered by DIAL were so serious that a judgment against Grant in excess of the policy limits was likely;

f. Failing to timely tender its insureds' policy limits to settle the claim of DIAL;

g. Failing to timely advise Grant of settlement opportunities;

h. Failing to advise Grant as to the probable outcome of litigation;

i. Failing to warn Grant of the possibility of an excess judgment and to advise Grant of any steps that he may take to avoid same;

j. Failing to timely and properly evaluate the financial exposure to Grant presented by the DIAL claim;

k. Failing to settle if at all possible, where a reasonable, prudent person, faced with the prospect of paying the total recovery, would do so;

l. Failing to settle the DIAL claim against Grant within the policy limits when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly toward Grant and with due regard for his interests;

m. Failing to keep Grant informed of the claim resolution process and his financial exposure; and

  n. Failing to do "everything possible to facilitate settlement negotiations." *Harvey v. Geico General Insurance Company*, 259 So. 3d 1, 9 (Fla. 2018).

35. As a result of GEICO's breaches of its duties of good faith and its failure to settle the DIAL claim within policy limits when it could have and should have done so, Grant now has a judgment against him in the amount of $7,500,000.00 in favor of DIAL, which is accruing interest at the legal rate.

36. As a direct and proximate result of the above breaches of its duties of good faith and its failure to settle the DIAL claim within policy limits when it could have and should have done so, Plaintiff has sustained damages, including but not limited to the amount of the Final Judgment, and all interest accrued and accruing on said Final Judgment.

WHEREFORE, Plaintiff, JACOB MICHAEL DIAL, demands judgment against the Defendant, GEICO INSURANCE COMPANY for damages resulting from the breach of its good faith duties, including, but not limited to, the amount of the excess Final Judgment, all interest on said Final Judgment, attorneys' fees and costs for this litigation, and such other and further relief as this Court deems just and proper, and further demands trial by jury.

## COUNT II
### JESUS PENA'S INSURANCE BAD FAITH CLAIM AGAINST GEICO

37. Plaintiffs adopt and re-alleges paragraphs 1-29 above as if fully set forth herein.

38. GEICO, pursuant to the insurance contract and Florida law, owed good faith duties to Grant, including but not limited to the following:

5. to use toward Grant the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business;

6. to exercise such control in handling the claims against Grant and in making decisions with regard to both settlement and litigation in good faith and with due regard for the interests of Grant;

7. to timely investigate the claim;

8. to timely and properly evaluate the claims against Grant and the risk to Grant;

9. to initiate settlement negotiations with PENA, as liability against Grant was clear, and the damages suffered by PENA were so serious that a judgment against Grant in excess of the policy limits was likely;

10. to timely tender Grant's policy limits to settle the claim of PENA;

11. to timely advise Grant of settlement opportunities;

12. to advise Grant as to the probable outcome of litigation;

13. to warn Grant of the possibility of an excess judgment and to advise Grant of any steps that he may take to avoid same;

14. to timely and properly evaluate the financial exposure to Grant presented by the PENA claim;

15. to settle, if at all possible, where a reasonable, prudent person, faced with the prospect of paying the total recovery, would do so;

16. to settle the PENA claim against Grant within Grant's policy limits when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly toward Grant and with due regard for his interests;

17. to keep Grant informed of the claim resolution process and his exposure; and

18. To do "everything possible to facilitate settlement negotiations." *Harvey v. Geico General Insurance Company*, 259 So. 3d 1, 9 (Fla. 2018).

39. The foregoing duties are fiduciary and non-delegable.

40. Defendant, GEICO, is liable for the acts and omissions of its agents, employees or representatives in the handling of the PENA claim against Grant.

41. GEICO, through its agents, employees and representatives, breached its duties of good faith to Grant by, including but not limited to:

   a. Failing to use toward Grant the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business;

   b. Failing to exercise such control in handling the claims against Grant and in making decisions with regard to both settlement and litigation in good faith and with due regard for the interests of Grant;

   c. Failing to timely investigate the PENA claim;

   d. Failing to timely and properly evaluate the claims against Grant and the risk to Grant;

   e. Failing to initiate settlement negotiations with PENA, as liability against Grant was clear, and the damages suffered by PENA were so serious that a judgment against Grant in excess of the policy limits was likely;

 f. Failing to timely tender Grant's policy limits to settle the claim of PENA;

 g. Failing to timely advise Grant of settlement opportunities;

 h. Failing to advise Grant as to the probable outcome of litigation;

 i. Failing to warn Grant of the possibility of an excess judgment and to advise Grant of any steps that he may take to avoid same;

 j. Failing to timely and properly evaluate the financial exposure to Grant presented by the PENA claim;

 k. Failing to settle if at all possible, where a reasonable, prudent person, faced with the prospect of paying the total recovery, would do so;

 l. Failing to settle the PENA claim against Grant within the policy limits when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly toward Grant and with due regard for his interests;

 m. Failing to keep Grant informed of the claim resolution process and his financial exposure; and

19. Failing to do "everything possible to facilitate settlement negotiations." *Harvey v. Geico General Insurance Company*, 259 So. 3d 1, 9 (Fla. 2018).

42. As a result of GEICO's breaches of its duties of good faith and its failure to settle the PENA claim within policy limits when it could have and should have done so, Grant now has a judgment against him in the amount of $1,250,000.00 in favor of PENA, which is accruing interest at the legal rate.

43. As a direct and proximate result of the above breaches of its duties of good faith and its failure to settle the PENA claim within policy limits when it could have and should have done so, Plaintiff has sustained damages, including but not limited to the amount of the Final Judgment, and all interest accrued and accruing on said Final Judgment.

WHEREFORE, Plaintiff, JESUS PENA, demands judgment against the Defendant, GEICO INSURANCE COMPANY for damages resulting from the breach of its good faith duties, including, but not limited to, the amount of the excess Final Judgment, all interest on said Final Judgment, and such other and further relief as this Court deems just and proper, and further demands trial by jury.

Dated: July 21, 2023         Respectfully submitted,

/s/ Fred. A. Cunningham
FRED A. CUNNINGHAM, ESQ.  (FL 775487)
MATTHEW T. CHRIST, ESQ. (FL 0119106)
Domnick Cunningham & Yaffa
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, Florida 33410
Phone:  (561) 625-6260
Fax:   (561) 625-6269
Fred@pbglaw.com; Matthew@pbglaw.com;
Tracy@pbglaw.com
*Counsel for Plaintiffs*